UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLACIER POOL COOLERS, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-3517** |
| **COOLING TOWER SYSTEMS, LLC** | **SECTION: "E" (4)** |

## ORDER

Before the Court is **Motion to Quash Subpoena Issued to Non-Party SCP Distributors, LLC, for Protective Order, and for Award of Attorneys' Fees (R. Doc. 1)** filed by non-party SCP Distributors, LLC ("SCP") seeking an order to quash the Subpoena to Testify at a Deposition in the matter of *Glacier Pool Coolers, LLC, et al v. Cooling Towers Systems, LLC,* Civ. Act. No. 2:15-CV-2338 (D. Ariz.) ("Arizona Lawsuit"). The motion is opposed. R.

## I. Background

This motion to quash was filed in the District Court on April 17, 2017 pursuant to Federal Rule of Civil Procedure 45(3), which requires that motions to quash be filed in the district where compliance to a subpoena is required. R. Doc. 1. Non-party SCP seeks to quash a Subpoena to Testify at a Deposition issued by Cooling Towers Systems, Inc. ("Cooling Towers Systems") that arises out of the underlying Arizona Lawsuit between Glacier Pool Coolers, LLC ("Glacier") and Cooling Towers Systems. R. Doc. 2, p. 1. In the Arizona Lawsuit, Glacier has alleged that Cooling Towers tortuously interfered with a contract between Cooling Towers and SCP which resulted in a $70,000 loss of business in 2015. *Id.* Jonathan Hein, an employee of SCP, is listed as a witness likely to testify in support of Glacier's tortious interference claim. *Id.*

On April 11, 2017, Cooling Towers allegedly attempted to serve a Third Subpoena to Testify at a Deposition on SCP by leaving the subpoena with a paralegal from SCP's general counsel office. R. Doc. 1-1, p. 3. Cooling Towers had twice attempted to serve SCP with a

subpoena to testify previously, but those attempts were objected to and/or withdrawn. *Id.* at p. 2-3. SCP now seeks to have that subpoena quashed because: (1) the subpoena was not served on an authorized representative of SCP; (2) the Subpoena failed to specify the place for deposition; (3) the person who served the subpoena did not tender a mileage fee for SCP to travel to the unidentified deposition location; (4) the subpoena failed to designate documents although it stated that document production was required; and (5) the subpoena would impose undue burden or expense on SCP. R. Doc. 1, p. 1-2. SCP has also moved for a protective order prohibiting any further attempts to subpoena it in connection with the Arizona Lawsuit as well as for an award of sanctions, including attorneys' fees because it had to incur expenses responding to the numerous deficient subpoenas. *Id.*

Cooling Towers has opposed the motion. R. Doc. 2. In particular, Cooling Towers argues that the technical defects were *de minimus* that could have easily been corrected and that it has issued a curative Amended Subpoena curing all the technical defects identified by SCP's motion to quash. *Id.* at p. 2. Moreover, Cooling Towers argues against the award of attorney's fees because it says that any identified technical errors in previous subpoenas did not prejudice SCP and that it has acted in good faith at all times. *Id.*

## II. **Standard of Review**

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that " (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's

opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See, Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014). "Both Rules 45 and 26 authorize the court to modify a subpoena…when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016). Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Finally, Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

## III. Analysis

Here, SCP seeks to have the Subpoena to Testify at a Deposition issued by Cooling Towers in the underlying Arizona Litigation quashed. R. Doc. 1. As an initial matter, SCP argues that the subpoena should be quashed given a number of technical deficiencies with the subpoena. R. Doc. 1-1, p. 4-8. And, for a few of these deficiencies, SCP is correct. First, by serving a paralegal and not an authorized representative of SCP, service was not proper. *See Liberty Mut. Fire Ins. Co. v. Ravannack*, No. 00-1209, 2002 WL 1770936, at *3 (E.D. La. Aug. 1, 2002). Second, the subpoena fails to identify the place for compliance (R. Doc. 1-5, p. 79) as required under the Federal Rules. Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring that a subpoena must state that the person is to be

directed to comply at "a specified time and place"). Third, the subpoena was allegedly not served with the proper mileage fee and was therefore noncompliant with the Federal Rules. Fed. R. Civ. P. 45(b)(1) ("if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law" must be tendered at the time of service."). Finally, SCP also complains that the subpoena do not designate the categories of documents sought. Indeed, the subpoena does not describe documents to be produced. R. Doc. 1-5, p. 96. However, a more careful reading of the subpoena request rather than a straight and perhaps overly critical reading demonstrates that it does not contemplate document production, but rather describes the areas to be discussed as well as the bates stamps documents that had been previously produced to SCP.

Despite these deficiencies, Cooling Towers states that it has served an Amended Subpoena. R. Doc. 2, p. 2. However, Cooling Towers did not an appearance at oral arguments and therefore has not shown that the new subpoena has corrected the technical difficulties associated with it. Therefore, the Court grants SCP's motion to the extent that it seeks to quash the Subpoena to Testify at a Deposition allegedly served on April 11, 2017.

However, at this time, the Court will not issue a Protective Order barring future subpoenas because of the relevance of the information at issue. SCP does not argue that it is not involved in the underlying litigation. R. Doc. 1-1, p. 7. Rather, SCP argues any subpoena is an undue burden that SCP has already previously supplied documents to Cooling Towers and that other information about SCP's relationship with other parties in the Arizona Lawsuit can be obtain from those other parties. *Id.* Looking at the noticed areas for the deposition testimony, SCP is seeking relevant information about the relationships between SCP and Glacier or Cooling Towers, particularly in light of certain documents. Merely because SCP would prefer that Cooling Tower depose another party to gather this information does not constitute undue burden. Further, SCP stands in the sole

place to discuss from its vantage point its relationship and the facts concerning the tortious interference claim.

Finally, SCP also seeks an award of attorney's fees pursuant to Federal Rule of Civil Procedure 45(d)(1). The Federal Rules provide that:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). Here, the Court finds that Cooling Towers has failed to comply with this obligation. Cooling Towers improperly submitted

.0a deficient and flawed Subpoena to Testify to SCP to which SCP needed to take the action of bringing the instant motion before the Court. Moreover, Cooling Towers failed to appear at oral arguments to discuss the merits of that subpoena or the pending motion.

As such, the Court finds that an award of attorneys' fees expended *in connection with the instant motion and deficient subpoena* to be an appropriate sanction. Because the Court has denied the motion for protective order, the Court will not grant attorneys' fees under Rule 26(c)(3). Finally, while SCP has requested attorneys' fees in connection with two prior deficient subpoenas, the Court only has the third deficient subpoena before it at this time with the motion to quash. Therefore, the Court only awards attorneys' fees brought in connection with that subpoena and the instant motion.

## IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that SCP Distributors, LLC's Motion **to Quash Subpoena Issued to Non-Party SCP Distributors, LLC, for Protective Order, and for Award of Attorneys' Fees (R. Doc. 1)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that SCP Distributors, LLC's motion is **GRANTED** to the extent that the Subpoena to Testify at a Deposition served on April 11, 2017 is **QUASHED.**

**IT IS FURTHER ORDERED** that SCP Distributors, LLC's motion is **DENIED** to the extent that SCP seeks a further protective order from further subpoenas.

**IT IS FURTHER ORDERED** that SCP Distributors, LLC's motion is **GRANTED** to the extent that SCP seeks an award of attorneys' fees.

**IT IS FURTHER ORDERED** that SCP Distributors, LLC's motion is awarded attorneys' fees and costs in connection with the Motion to Quash Subpoena Issued to Non-Party SCP Distributors, LLC, for Protective Order, and for Award of Attorneys' Fees (R. Doc. 1).

**IT IS FURTHER ORDERED** that SCP Distributors, LLC shall file a motion to fix attorney fees into the record by **May 30, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **June 6, 2017**. The motion shall be set for hearing on **June 14, 2017**, to be heard without oral argument.

New Orleans, Louisiana, this 17th day of May 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**